(105 App. Div. 296.)

PEOPLE v. McGOVERN.

(Supreme Court, Appellate Division, Third Department. May 23, 1905.)

CRIMINAL LAW—DEFENDANT'S FAILURE TO CALL WITNESS—PRESUMPTION.

    Where, on a prosecution for raising a check, defendant testified that he raised it with the approval of the president of the corporation which drew it and which was prosecutor, it was error to instruct that the jury might draw any presumption in favor of the prosecution from defendant's failure to call the president as a witness.

    [Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, § 732.]

Appeal from Madison County Court.

Thomas F. McGovern was convicted of forgery, and he appeals from an order denying a new trial. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Senn & Devitt, for appellant.
M. H. Kiley, for the People.

CHESTER, J. The defendant was employed as a bookkeeper in the office of the Oneida Silverware Manufacturing Company. In the indictment under which he was tried he was charged with committing the crime of forgery in the second degree by raising a

check of said company payable to his order from $4 to $14, and uttering the same with intent to defraud such company. Under the custom of that company checks were. supplied to the defendant, signed by its treasurer in blank, but the checks were not good until they were countersigned by one S. W. Moore, its president. The written portions of the check, other than the signatures, were in the defendant's handwriting. · On the trial he was sworn as a witness in his own behalf, and testified that after he had drawn the check for $4 he presented it to the president for countersignature, but asked his permission to increase the amount to $14, and that such permission was given; that the defendant thereupon raised the check by adding the letters "teen" to the word "Four," and inserting the figure "1" before the figure "4," before such check was countersigned by the president. The president, Moore, was not sworn as a witness by either side. There is nothing in the record showing why he was not called, or that he was not available as a witness for the people, either in chief, or in rebuttal of the defendant's testimony. After the court had concluded its main charge to the jury, the following occurred:

"Mr. Perry (defendant's counsel): I ask your honor to charge the jury that the failure of the people to call the president of this company— That the jury have the right to conclude or find that, from the failure of the people to call the president of this company, they have the right to find that his evidence would have been favorable to this defendant. The Court: I doubt that very much as an abstract proposition. I will charge it. Mr. Kiley (district attorney): I except to it. The Court: Then I charge you, gentlemen, you have the right to take into account as evidence on both sides, if it is true that Moore did authorize 'it— You have the right to take into account that neither party has called this man Moore, neither the defendant nor the people. If you can determine from the .evidence any presumption in favor of either one or the other from that fact, I will leave it for you to say why he was not called on either side. Mr. Perry: I ask your honor to be permitted to take an exception wherein you submit the proposition that anything is to be inferred against the defendant for not calling the president. The Court: I will leave it to the jury to say."

It will be observed from this quotation from the record that the learned court charged with some hesitation that the jury had the right to find from the failure of the people to call the president of the company that his evidence would have been favorable to the defendant. If the matter had stopped there, the defendant could not have been prejudiced by the charge. But the court then told the jury that they had the right to take into account that neither party had called Moore, and said to them:

"If you can determine from the evidence any presumption in favor of either one or the other from that fact, I will leave it for you to say why he was not called on either side."

Of course, if the jury drew any inference in favor of the prosecution by reason of such failure, such inference would be one against the defendant. The defendant's counsel excepted to the statement of the court permitting the jury to infer anything against the defendant for not calling the president, and the court, in the face of this exception, left it to the jury to say.

The rule undoubtedly is that if a party fails to produce a person

known to be friendly to him and to his cause, and who is so situated that he must have knowledge of the facts in issue, the jury is permitted to presume that the testimony of that person would not have been favorable to such party. Milliman v. Rochester R. Co., 3 App. Div. 109, 39 N. Y. Supp. 274. Substantially the same principle has been applied in criminal cases. Gordon v. People, 33 N. Y. 501; People v. Sweeney, 41 Hun, 332. But the failure of a party to call an adverse witness does not raise an unfavorable presumption against the party. Coykendall v. Eaton, 42 How. Prac. 378, 383. Moore was president of the company which the defendant was charged with defrauding. Presumably, if called, he would have given evidence in favor of the prosecution. He would naturally be a witness adverse to the defendant, and for this reason the latter was not bound to call him. That being so, it was error to permit the jury to infer anything against the defendant by reason of his not calling him. In view of the doubt expressed by the court as to the correctness of the proposition which he did charge, and of the error pointed out, we are unable to say that the defendant was not prejudiced. We think he is entitled to a new trial.

The judgment of conviction should be reversed, and a new trial granted. All concur.